UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-666-H

WILLIAM B. HUNTER                                                                                    PLAINTIFF

V.

LINDA J. WILSON, et al.                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises from an IRS levy on Plaintiff's wages and the actions of various University of Louisville employees to comply with it. Plaintiff has previously filed a similar case in state court which has been dismissed, raising obvious issues here. Defendants have now moved to dismiss on various grounds of res judicata and preclusion. For the reasons outlined in this opinion, Defendants' motion is granted and Hunter's claims are hereby dismissed with prejudice.

I.

Considering whether Mr. Hunter has failed to state a claim upon which relief can be granted, this Court construes the complaint in the light most favorable to him, accepting all factual allegations as true. *See NHL Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462 (6th Cir. 2005). In stating the basis for relief, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Still, while *pro se* plaintiffs like Mr. Hunter must satisfy basic pleading requirements, courts "liberally construe[]" such pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II.

For purposes of res judicata, "state court judgments are given the same preclusive effect in federal court as they would have received in the courts of the rendering state." *Keymarket of Ohio, LLC v. Keller*, 483 Fed. Appx. 967, 970 (6th Cir. 2012). Mr. Hunter already attempted to litigate in state court claims arising out of Defendants' garnishment of his paychecks pursuant to a Notice of Levy issued by the Internal Revenue Service ("IRS"). The Jefferson Circuit dismissed Hunter's complaint for failure to state a claim in an order entered on August 6, 2010 and the Kentucky Court of Appeals affirmed this decision after de novo review on August 5, 2011.

The four elements required for res judicata, or claim preclusion, apply in the instant case. First, the Jefferson Circuit's dismissal with prejudice, affirmed by the Kentucky Court of Appeals, constitutes a final judgment on the merits for purposes of res judicata. *See* Federal R. Civ. P. 41(b); *Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002).

Second, the present action involves the same parties or their privies as the first action in state court. While Hunter named only the University of Louisville in his first suit, the other-named defendants here were at all relevant times acting on behalf of the University and are thus the University's privies. The plain language of the allegations in the complaint concerns the individually named defendants' actions as agents of the University. *See* ECF No. 1, ¶¶ 3-4, 6, 9-11. Under these circumstances, there is adequate identification of interest to consider the individuals named in the present complaint as the privies of University of Louisville, and the doctrine of res judicata applies to bar claims against them.

It is not clear from the styling of Hunter's federal complaint whether he is suing individually named defendants in their official or personal capacity. Still, while state officers

may be personally liable for damages under § 1983 based upon actions taken in their official capacities, *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991), Mr. Hunter's conclusory and vague allegations that the individual defendants "conspired to…deprive [him] of his right to due process of law" and "ignore[d] the information presented to them" in order to accomplish this deprivation—neither of which is supported by concrete facts—do not warrant treating this suit as one against the defendants in their personal capacities. Thus, the Court treats Hunter's claims against Wilson, Ayres, Koshewa, and Demunbrun as official-capacity claims. The Supreme Court has emphasized that official capacity suits generally represent only another way of pleading an action against an entity of which as officer is an agent. *Kentucky v. Graham*, 473 U.S. 159 (1985). Just as Hunter's state court suit has the effect of barring claims against the University of Louisville, it bars suit against the individually named defendants under the circumstances.

Third, Hunter's federal action raises issues that were already litigated or should have been litigated in the first action. Hunter's state lawsuit alleged theft by conversion, breach of contract, and violations of §§ 1, 2, 10, and 11 of the Kentucky Constitution. Here, Hunter claims that Defendants deprived him of "his right to due process of law…by garnishing Hunter's earnings without the authority of an order from any court…in violation of Kentucky garnishment laws and federal garnishment laws and forwarding said garnished earnings to the [IRS] which was not lawfully entitled to them." ECF No. 1, p. 1. While not identical, both complaints essentially claim that the University improperly garnished Hunter's wages by complying with the IRS's Notice of Levy. Though Hunter has restyled his complaint to assert the Defendants' actions were wrong under new legal authority, the bottom line remains that the issue of the

propriety of the University of Louisville's agents' compliance with the IRS Notice of Levy has already been finally litigated in state court.

Finally, there is identity in the causes of action. In judging whether this element of res judicata is met, a court must look "beyond the legal theories asserted [and] see if the two claims stem from the same underlying factual circumstances." *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003). "The term 'same cause of action' can encompass claims…that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding." *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009). There is no disputing that Hunter's federal court complaint is based on the University's compliance with the Notice of Levy and its garnishment of Hunter's claims in accordance with that Notice. Hunter had every ability to bring the claims he makes now, arising from the same set of facts, in Jefferson Circuit Court. Hence, the doctrine of res judicata bars his attempt to bring them in this Court at this late date.[1]

Even were it not the case that res judicata bars Hunter's claims against the individually named defendants, the fact remains that the individuals, as agents of the University of Louisville, enjoy the same statutorily-granted immunity from suit that led the state court judge to dismiss Hunter's claim against the University of Louisville. The state court judge quoted the applicable Internal Revenue Code provision in its dismissal of Hunter's complaint filed in Jefferson Circuit Court:

> The University, in honoring the levy issued by the IRS, is effectively 'discharged from any obligation or liability to the delinquent taxpayer […] with respect to such property or rights to property arising from such surrender or payment.' 26

---

[1] The Court acknowledges that Mr. Hunter has moved to dismiss the University of Louisville as a defendant (ECF No. 17). That motion constitutes, in effect, a second motion to amend the complaint. Because the Court concludes in this Order that res judicata and statutory immunity bar Mr. Hunter's claims against both the University of Louisville and its agents, the individually named defendants, the Court refrains from ruling on this motion on the grounds that it would be futile to do so.

> U.S.C. § 6332(e). As such, and even when viewing the pleadings in the light most favorable to Mr. Hunter, it appears that there are no circumstances under which it would be possible to prevail at trial.

ECF No. 10-3, p.3. This immunity has been broadly interpreted. *See Weissman v. U.S. Postal Service*, 19 F.Supp.2d 254 (D.N.J. 1998). In its affirmation opinion, the Kentucky Court of Appeals elaborated on the appropriateness of the University of Louisville's compliance, through its agents, with the IRS's Notice of Levy, explaining the substance of pertinent Treasury regulations and the fact that *anyone* who refuses to surrender property subject to levy upon demand by the Secretary (such as Mr. Hunter's paychecks) can be held personally liable for the value of the property not surrendered. *See* ECF No. 10-4, p. 3 (quoting 26 U.S.C. § 6332(d)(1)).

Being otherwise sufficiently advised,

IT IS ORDERED that Mr. Hunter's complaint (ECF. Nos. 1, 12) is hereby dismissed with prejudice.

This is a final and appealable order.

cc: Counsel of Record